UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR PABLO TORRES,<br><br>Petitioner,<br><br>v.<br><br>SUZANNE PERRY, Warden,<br><br>Respondent. | No. 1:17-cv-00169-LJO-JLT (HC)<br><br>**ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS (Doc. No. 6)**<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE (Doc. No. 11)**<br><br>**ORDER DIRECTING PETITIONER TO FILE REGULAR STATUS REPORTS** |

On March 2, 2017, the Magistrate Judge issued Findings and Recommendations to summarily dismiss the petition for failure to exhaust state remedies. (Doc. No. 6.) The Findings and Recommendations were served upon all parties and contained notice that any objections were to be filed within twenty-one days from the date of service of that order. Over twenty-one days passed and no party filed objections. On March 27, 2017, the Court adopted the Findings and Recommendations, dismissed the petition, closed the case, and entered judgment. (Docs. No. 7-8.) On that same date, the Court received a purported motion for extension of time to file objections. (Doc. No. 9.) The Court vacated the order dismissing the petition and granted Petitioner an extension of time to file objections.

On April 14, 2017, Petitioner filed objections. Upon review of the objections, the Court

1

will decline to adopt the Findings and Recommendation and will order a stay of the proceedings pending exhaustion of state remedies.

In his objections, Petitioner concedes that he has not exhausted Grounds 1-4, 6, and 8-10 of the petition in the state courts. The only grounds for relief presented in the petition are those same enumerated grounds for relief. Therefore, the instant petition is completely unexhausted. Conceding that his petition is at least partially unexhausted, Petitioner requests a stay of the proceedings under Rhines v. Weber, 544 U.S. 269 (2005) and Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Recently, the Ninth Circuit held that a district court has discretion to hold a completely unexhausted federal petition in abeyance pending exhaustion of state remedies. Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). Pursuant to Rhines, a district court may hold a petition in abeyance when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. In this case, Petitioner states he is uncertain if his unexhausted claims will be untimely once the state courts address them. In light of this uncertainty, he has filed the instant "protective" petition. In Pace, the Supreme Court contemplated the filing of a protective petition in such a case. Pace, 544 U.S. at 416. Further, the Court noted that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id. (citing Rhines, 544 U.S. at 278). Therefore, Petitioner has shown good cause for a stay of his petition. Although the Court is not prepared at this time to make an assessment of the merits of the claims, a preliminary review of the claims indicates that Petitioner alleges constitutional violations that, if true, would entitle him to habeas relief. In addition, it appears that no prejudice would inure to the parties by granting the requested stay. Also, there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics.

Therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance. See Calderon v. U.S. Dist. Court for Northern Dist. of California (Taylor), 134 F.3d 981, 988 n. 11 (9th Cir. 1998). No later than thirty (30) days after the date of service of this order Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes. Further, Petitioner must proceed diligently to pursue his state court remedies, and every sixty (60) days after the filing of the initial status report Petitioner must file a new status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court DECLINES to adopt the Findings and Recommendations issued on March 2, 2017;

2. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 1), is GRANTED;

3. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies concerning the unexhausted claims presented in his petition (Doc. No. 1);

4. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

5. Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report; and

6. Petitioner is GRANTED thirty (30) days following the final order of the state

courts within which to file a motion for leave to amend the petition to include the newly exhausted claims.

IT IS SO ORDERED.

    Dated: **April 18, 2017**        /s/ Lawrence J. O'Neill
                                              UNITED STATES CHIEF DISTRICT JUDGE