UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR PABLO TORRES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SUZANNE PEERY, Warden,<br><br>　　　　　Respondent. | No. 1:17-cv-00169-LJO-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CLAIMS FROM FIRST AMENDED PETITION**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

　　　　Petitioner filed a habeas petition on February 2, 2017, challenging his 2013 conviction in Kings County Superior Court of attempted murder, assault with a deadly weapon, and active participation in a criminal street gang. The Court determined that the claims were unexhausted, and Petitioner was granted a stay of the proceedings in order to exhaust his state remedies. Recently, Petitioner advised the Court that exhaustion was complete and the Court lifted the stay. Petitioner filed a First Amended Petition on February 26, 2018. Upon review of the First Amended Petition, the Court finds that several of the grounds for relief fail to present a cognizable claim. The Court will recommend those grounds be **DISMISSED**.

## DISCUSSION

A.　　Preliminary Review of Petition

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.     Failure to State a Claim

Several grounds in the First Amended Petition fail to articulate a cognizable federal claim. In Ground One, Petitioner claims there was insufficient evidence to support his conviction. He fails to support this claim with any viable argument. He merely summarizes some evidence in the record. (Doc. 19 at 7.)

In Ground Four, he again claims the evidence was insufficient to support the conviction. He claims the evidence was patently insufficient to prove he stabbed the victim. However, he admits evidence existed from which a trier of fact could have determined that he committed the act. He acknowledges that key witness Sandra Lopez testified that he handed her a knife containing the victim's blood. He then argues that it was at least 25 to 30 minutes after the assault had taken place that he had handed her the knife, and the knife could have changed hands any number of times in the interim. (Doc. 19 at 16.) This argument fails to state a prima facie claim on federal habeas review, because it is not within the federal court's province to reweigh the evidence. The test for insufficiency of the evidence is: "[W]hether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). On federal habeas review, the standard is doubly deferential. The federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). To the extent that Petitioner argues that other evidence supported his claim that he was not the one who stabbed the victim, the Court must assume that the jury resolved these conflicting facts in favor of the prosecution. Jackson, 443 U.S. at 326. The reviewing court "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that

2

supports the verdict." Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995).

For the same reason, Ground Eight fails to present a cognizable federal claim. Petitioner argues the evidence was insufficient to support the finding that he stabbed the victim. He points to evidence that no witness saw him stab the victim, that no witness saw anyone with a knife, that the video was dark and unclear, and that witnesses only saw him punch or kick the victim. He ignores the evidence that he handed witness Lopez a knife covered in the victim's blood and that the victim suffered multiple knife wounds. As stated above, the Court assumes these evidentiary conflicts or discrepancies were resolved in favor of the prosecution. Jackson, 443 U.S. at 326. The reviewing court "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." Walters, 45 F.3d at 1358.

In Ground Nine, Petitioner alleges the prosecutor made several misstatements of material facts, thereby violating his right to a fair trial and due process. He contends that the prosecutor misstated the elements and evidence to prove guilt of assault by means of force likely to produce great bodily injury. Petitioner then recites the jury instruction on assault by means likely to produce great bodily injury. He then concludes his claim with a conclusory and unintelligible statement: "In contrast to her arguments regarding guilt of attempted murder and assault with a deadly weapon, charging guilt by means as a direct perpetrator." (Doc. 19 at 31.) The Court cannot discern any claim for relief. Petitioner fails to support his argument with any specific facts. Moreover, he fails to establish how the alleged misstatements prejudiced him. Finally, he makes no argument as to how the state court rejection of his claim was contrary to or an unreasonable application of clearly established Supreme Court authority.

In Ground Eleven, Petitioner claims a violation of Brady v. Maryland, 373 U.S. 83 (1963), alleging the State failed to disclose evidence that was in the State's possession. He alleges the prosecutor relied on video footage of the incident, and one video was darker than others. He claims that when trial counsel was replaced by another attorney, the new attorney had the videos translated to a different format which enabled him to adjust the contrast and lighting, thereby

enabling identification of another individual as the person who stabbed the victim. Petitioner fails to state a prima facie claim for relief because the State did in fact provide the videotape to the defense. There was no failure to disclose evidence. Moreover, the State utilized the videotape in its dark condition. Whether defense counsel was later able to adjust the footage is irrelevant to whether the State concealed any evidence.

Ground Thirteen likewise fails to present a cognizable federal claim. Petitioner claims that material and prejudicial testimonial evidence was introduced without an opportunity for cross-examination. He then recites the elements the prosecutor needed to prove in order to impose the gang sentencing enhancement. He concludes his argument by stating that Detective Kevin Smyres opined that the victim was a rival. (Doc. 19 at 42-43.) The Court cannot discern any claim for relief. No argument is presented, nor are any supporting facts.

Finally in Ground Fifteen, Petitioner claims the combined effect of multiple harmless errors rendered the defense far less persuasive than it otherwise would have been. Petitioner then notes several sources of information used by the testifying officers. However, he makes no claim of any kind of error. The claim should be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Grounds One, Four, Eight, Nine, Eleven, Thirteen, and Fifteen be DISMISSED from the petition for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28

///
///
///
///

U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 1, 2018**      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE