UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR PABLO TORRES,<br><br>Petitioner,<br><br>v.<br><br>SUZANNE PERRY, Warden,<br><br>Respondent. | No. 1:17-cv-00169-LJO-JLT (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. No. 20)**<br><br>**ORDER DISMISSING CLAIMS FROM PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS** |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 1, 2018, the Magistrate Judge assigned to the case issued Findings and Recommendation to dismiss Claims One, Four, Eight, Nine, Eleven, Thirteen, and Fifteen from the First Amended Petition. (Doc. No. 20.) This Findings and Recommendation was served upon all parties and contained notice that any objections were to be filed within twenty-one days from the date of service of that order. On March 19, 2018, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. No. 21.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's

1

1  objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is

2  supported by the record and proper analysis.  Petitioner's objections present no grounds for

3  questioning the Magistrate Judge's analysis.

4        In addition, the Court declines to issue a certificate of appealability.  A state prisoner

5  seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

6  his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537

7  U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of

8  appealability is 28 U.S.C. § 2253, which provides as follows:

9
     (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a district
judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit
10 in which the proceeding is held.

11
     (b)     There shall be no right of appeal from a final order in a proceeding to test the
validity of a warrant to remove to another district or place for commitment or trial a person
12 charged with a criminal offense against the United States, or to test the validity of such person's
detention pending removal proceedings.
13

14
     (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may
not be taken to the court of appeals from—

15
          (A) the final order in a habeas corpus proceeding in which the detention
          complained of arises out of process issued by a State court; or
16

17
          (B) the final order in a proceeding under section 2255.

18
     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
     made a substantial showing of the denial of a constitutional right.

19
     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
     or issues satisfy the showing required by paragraph (2).
20

21        If a court denies a petitioner's petition, the court may only issue a certificate of

22  appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

23  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that

24  "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

25  been resolved in a different manner or that the issues presented were 'adequate to deserve

26  encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting

27  *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

28        In the present case, the Court finds that Petitioner has not made the required substantial

showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

Accordingly, the Court orders as follows:

1. The Findings and Recommendations, filed March 1, 2018 (Doc. No. 20), is ADOPTED IN FULL;

2. Claims One, Four, Eight, Nine, Eleven, Thirteen, and Fifteen are DISMISSED from the First Amended Petition;

3. The matter is REFERRED BACK to the Magistrate Judge for further proceedings; and

4. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated: __**April 11, 2018**__          _____**/s/ Lawrence J. O'Neill**_____
                                        UNITED STATES CHIEF DISTRICT JUDGE